Ernest PENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 41374.

Court of Criminal Appeals of Texas.

July 10, 1968.

Tony Bonilla, Corpus Christi, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder with malice; the punishment, 75 years.

The indictment alleged the murder with malice of Elijio S. Luna on or about July 4, 1966.

The court's charge authorized the jury to convict upon a finding beyond a reasonable doubt that appellant, intending to kill Federico Carrijo with malice aforethought and without justification or excuse, by mistake shot and killed Elijio S. Luna. (Art. 42 Vernon's Ann.P.C.)

Sentence was pronounced and notice of appeal was given and entered on April 24, 1967.

On May 19, 1967, the trial judge, having been advised in writing by appellant's employed counsel that appellant had decided not to appeal his case, conducted a hearing the result of which was that appellant decided that he did not want to dismiss his appeal.

On June 8, 1967, a hearing was held on motion of appellant's employed counsel to withdraw.

At the hearing said counsel gave as one of his reasons for his desire to withdraw

as counsel the fact that though the jury assessed a greater penalty than he and his client had anticipated, he did not personally feel that there was any error committed in the trial of the case that would justify reversal by the Court of Criminal Appeals.

Appellant stated that he was satisfied with the services of his counsel and expressed the view that it would not be fair for the court to relieve him. At the conclusion of said hearing the court declined to permit said counsel to withdraw and appointed the second counsel who had assisted in his defense to represent appellant, who was then shown to be indigent.

In the performance of their obligation and duty, appellant's counsel filed brief in the trial court setting out as ground of error each adverse ruling of the court during the trial.

Grounds of error 1 and 2 relate to an oral motion, made after the voir dire examination but before the jury was impaneled, for a continuance on the basis that defense counsel had not had enough time to review the jury list before the trial; and for dismissal of the entire jury panel on the basis that not enough Latin Americans had been selected to serve in the trial.

 Under the record these grounds of error are without merit. The record affirmatively reflects that there was no group discrimination against Latin Americans in the selecting of jurors.

 Any complaint as to the denial of a continuance came too late; the motion was not in writing, and showed no abuse of discretion on the part of the trial judge.

 Testimony of the doctor as to the seriousness of wounds inflicted by appellant upon Federico Carrijo was admissible, he being the person for whom the bullets, including that which killed the deceased, were intended. Ground of error No. 3 is without merit.

Grounds of error No. 4 and 7 relate to the sufficiency of the evidence.

The state's evidence reflects that appellant ran to the car in which the deceased and Carrijo were leaving a cafe and, at close range, fired the shot from his .22 caliber pistol which killed the deceased; and the shots which struck and wounded Carrijo and other shots which struck the automobile.

Appellant was not acquainted with the deceased, but testified that early in June Carrijo had threatened him and pointed a 30-30 rifle at him, and that he had been warned that Carrijo had threatened him.

Appellant's defense was that he was drunk and was afraid of Carrijo because he reached under the seat as he (appellant) came to the car.

 The jury resolved the issue of self-defense against appellant and there is ample evidence to sustain the verdict.

The remaining grounds of error are, under the record, without merit.

The judgment is affirmed.